**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARPENTERS COMBINED FUNDS, By** | ) | |
| **JAMES R. KLEIN** | ) | |
| **Administrator,** | ) | |
| **Plaintiff,** | ) | **2:10-cv-63** |
| | ) | |
| **v** | ) | |
| | ) | |
| **RICHARD A. KLINGMAN,** | ) | |
| **Defendant.** | | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is the RULE 12 MOTION FOR MORE DEFINITE

STATEMENT AND MOTIONS TO DISMISS COMPLAINT (Document No. 5), with brief in

support, filed by Defendant Richard A. Klingman ("Klingman").  Plaintiff, Carpenters Combined

Funds (the "Funds"), has filed a brief in opposition to the motions and they are ripe for

disposition.

This case involves certain fringe benefit contributions and wage deductions which the

Funds allege are due and owing under a collective bargaining agreement ("CBA") between the

Greater Pennsylvania Regional District Council of Carpenters and R.K. Millwork Installation,

LLC ("R.K. Millwork").  An Arbitration award of $124,608.56 was entered in favor of the Funds

against R.K. Millwork on August 14, 2009.  R.K. Millwork initiated a bankruptcy proceeding

which was dismissed on January 7, 2010.  The complaint alleges that Defendant Klingman is the

owner and principal officer of R.K. Millwork.  The complaint asserts two causes of action: (1)

breach of fiduciary duty under ERISA; and (2) conversion under Pennsylvania common law.

Standard of Review

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) challenges the legal sufficiency of the Complaint filed by Plaintiff.  The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.  However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

However, nothing in *Twombly* or *Iqbal* has changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  That is, the Supreme Court did not impose a new, heightened pleading requirement, but reaffirmed that FED. R. CIV. P. 8 requires only a short, plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations."  *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 552-53).  Additionally, the Supreme Court did not abolish the FED. R. CIV. P. 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will

2

ultimately prevail on the merits." *Id.* (citing *Twombly*, 550 U.S. at 553).

Motions for a more definite statement pursuant to Fed. R. Civ. P. 12(e) may be granted if the pleading "is so vague or ambiguous that the [responding] party cannot reasonably prepare a response." This motion is disfavored and is granted only sparingly, where the pleading is so unintelligible that the court is unable to make out the legal theories upon which the party is proceeding. *Sun Co. v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 368 (E.D. Pa. 1996). A motion for more definite statement should not be used as a substitute for the discovery process.


Legal Analysis

Defendant advances several arguments. As an initial matter, Klingman contends that the Funds have not attached copies of various documents (such as the CBA, the trust provisions, and the labor agreement) to the complaint. Klingman argues that "it may be so that the Plaintiff Fund is entitled to some unremitted contributions," but that he is unable to admit or deny whether he owes any money without the relevant agreements. In addition, Klingman argues that Plaintiff has failed to establish that he is an ERISA "fiduciary." Finally, Klingman contends that because his alleged duties presumably originated from a labor agreement, the conversion claim is barred by the "gist of the action" doctrine. The Funds have responded to each of these contentions and the Court will address them seriatim.

Turning first to the motion for more definite statement, the Court concludes that the complaint fully complies with the pleading requirements set forth in the Federal Rules of Civil Procedure. Klingman does not allege any difficulty in understanding the claims now being

3

asserted by the Funds.  Indeed, the complaint sets forth a "short and plain statement" of its two claims in a concise and professional manner.  The only shortcoming articulated by Klingman concerns the alleged failure to attach certain documents.  These documents can be readily obtained in discovery.  Accordingly, the Motion for More Definite Statement is **DENIED**.

Klingman's challenge to the ERISA fiduciary claim is similarly unavailing.  ERISA, 29 U.S.C. § 1002(21)(A), defines the term "fiduciary" as follows:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

The complaint alleges that, as the owner and principal officer of R.K. Millwork, Klingman falls within this definition.  At this stage of the case, that allegation must be taken as true.  Klingman will have an opportunity to renew his contentions, if warranted, at the summary judgment stage after the factual record has been more fully developed as to whether the unpaid contributions constituted "plan assets" and/or whether he exercised discretionary control.

Finally, Klingman's argument that the conversion claim is barred by the "gist of the action" doctrine is without merit.  Briefly summarized, the "gist of the action" doctrine bars the assertion of a tort claim for breach of a contractual duty.  The doctrine does not apply if the parties are not in contractual privity.  *The Knit With v. Knitting Fever, Inc.*, 2009 WL 3427054 (E.D. Pa. October 20, 2009).  The complaint alleges that the relevant contractual agreement was executed between the Greater Pennsylvania Regional District Council of Carpenters and R.K.

4

Millwork.  Apparently, **_neither_** of the parties in this litigation was a signatory to that agreement. Moreover, the Funds are not asserting a contract-based theory, but rather, allege that Klingman personally participated in conduct by which monies due to the Funds were used to pay other obligations.  Accordingly, the conversion claim will be not dismissed at this stage of the case. Klingman will have ample opportunity to present his defense(s) at the summary judgment stage or at trial.


In accordance with the foregoing, the RULE 12 MOTION FOR MORE DEFINITE STATEMENT AND MOTIONS TO DISMISS COMPLAINT (Document No. 5) filed by Defendant Richard A. Klingman is DENIED in its entirety.

Defendant shall file an Answer to the Complaint on or before March 29, 2010.

SO ORDERED this 15th day of March, 2010.


BY THE COURT:


s/  Terrence F. McVerry
United States District Court Judge


cc:   Jeffrey J. Leech, Esquire
      Email: jleech@tuckerlaw.com
      Neil J. Gregorio, Esquire
      Email: ngregorio@tuckerlaw.com

      Timothy G. Wojton, Esquire
      Email: wojtonlaw@comcast.net