# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS COMBINED FUNDS, By | ) | |
| JAMES R. KLEIN | ) | |
| Administrator | ) | |
|           Plaintiff, | ) | 2:10-cv-63 |
|           v. | ) | |
| | ) | |
| RICHARD A. KLINGMAN, | ) | |
| | ) | |
|           Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is the RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 17), with brief in support (Doc. No. 18), filed by Defendant Richard A. Klingman ("Klingman"). Plaintiff, Carpenters Combined Funds (the "Funds"), has filed a brief in opposition to the motion (Doc. No. 20). Accordingly, the issues have been fully briefed and the matter is ripe for disposition.

## Procedural History

On January 15, 2010, Plaintiff filed a Complaint against Klingman that asserts two causes of action: (1) breach of fiduciary duty under the Employment Retirement Income Security Act ("ERISA"); and (2) conversion under Pennsylvania common law. In Count I, Plaintiff claims that Klingman, as owner and corporate principal of R.K. Millwork, failed to submit payment of fringe benefit contributions to the Funds. In Count II, Plaintiff avers that Klingman failed to forward employee wage withholdings to the funds.

Defendant responded with a Rule 12 Motion for More Definite Statement and a Motion to Dismiss. The Court denied the Motion for More Definite Statement in a Memorandum Order, dated March 15, 2010, and rejected Klingman's concerns regarding the alleged failure to attach certain documents, as those documents could easily be obtained in discovery. Likewise, the

Court also denied the Rule 12(b)(6) Motion to Dismiss for failure to state a claim. Klingman filed an Answer on March 29, 2010 and an Amended Answer on June 21, 2010.

Thereafter, on July 30, 2010, Klingman filed the pending Rule 12(c) Motion for Judgment on the Pleadings, in which he asks the Court to dismiss the ERISA claim prior to discovery.

**Standard of Review**

When confronted with a Rule 12(c) motion for judgment on the pleadings, a court applies the same standards that govern a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Revell v. Port Authority of New York and New Jersey,* 598 F.3d 128, 134 (3d Cir. 2010); *Bangura v. City of Phila.*, 338 Fed. Appx. 261 (3d Cir. 2009) (unpublished). That is, courts will apply the *Twombly, Iqbal,* and *Fowler* paradigm to a Rule 12(c) analysis in deciding whether to grant judgment on the pleadings. *Id.* The Court discussed this standard of review in its prior Memorandum Order when it denied the Rule 12(b)(6) motion filed by Defendant in this case and need not repeat it here.

**Documents To Be Considered**

The parties disagree as to the documents that may be considered by the Court in ruling on the pending motion. Defendant has attached the contractual agreement between Greater Pennsylvania Regional Council of Carpenters and Northeastern Pennsylvania Contractor's Association to his motion ("Labor Agreement") (Doc. No 17-1), and contends that the Court should consider only the Labor Agreement in resolving this matter. Plaintiff contends that the Court may also consider the underlying Agreement and Declaration of Trust Documents ("Trust Agreement"). Plaintiff notes that the Trust Agreement is referenced in its Complaint (Doc. No. 1

2

at 1, ¶ 1) and is expressly incorporated into the Labor Agreement. Plaintiff attached the relevant portions of the Trust Agreement to its brief in opposition (Doc. Nos. 20-1, 20-2, 20-3).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a Rule 12(b)(6) or 12(c) motion, a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

There is no dispute as to the authenticity of the Agreements. The Trust Agreements are referenced in the Complaint, incorporated into the Labor Agreement that Klingman asks the Court to consider, and are essential to the claim of the Plaintiff. Accordingly, the Court will consider the Trust Agreement in ruling on the instant motion.

**Legal Analysis**

Defendant asserts that the Plaintiff has failed to state a valid ERISA breach of fiduciary duty claim. In essence, Defendant contends that although the Labor Agreement specifies when employer contributions, delinquent contributions, or unpaid contributions become "due" and "delinquent," it fails to state when funds become "vested" or whether or when they become "plan assets," over which Klingman may be deemed a "fiduciary" under ERISA. (Doc. No. 18 at 7). As noted above, Defendant also argues that the Court must look only to the Labor Agreement to determine when these contributions become "vested" or whether they are indeed "plan assets."

Plaintiff argues that the funds at issue became "plan assets" on which Klingman owed a

fiduciary duty as soon as they became due and owing. Plaintiff contends that under well-settled law, the courts look to the language of a contract or trust agreement to determine whether unpaid contributions are "plan assets" and that the Trust Agreement in this case is unambiguous. The Funds argue that "[e]ven if the Court only looked at the Labor Agreement, it incorporates the language from the Funds' Trust Agreements that state when employer contributions become vested and, therefore, plan assets under ERISA." (Doc. No. 20 at 4).

The Court agrees with Plaintiff. To prevail on a theory of fiduciary liability under 29 U.S.C. § 1009(a), a plaintiff must prove "[t]hat the unpaid contributions to the ERISA Funds constituted "plan assets" within the meaning of 29 U.S.C. § 1002(21)(A)" and "[t]hat the individual defendant maintained fiduciary status under 29 U.S.C. § 1002(21)(A) with respect to those assets." *Roofers Local 30 Combined Welfare Fund v. Lentz McGrane, Inc.*, Civil Action No. 03-4187, 2005 U.S. Dist. LEXIS 7084, *9 (E.D. Pa. February 21, 2005). In turn, 29 U.S.C. § 1002(21)(A), defines the term "fiduciary" as follows:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(b) of this title.

Ultimately, "based upon the wording of the statute, whether an officer qualifies as a 'fiduciary' turns on whether the monies at issue constituted 'plan assets' and whether the officer exercised control over them." *Carpenters Combined Funds, Inc. v. Lyons Contracting, Inc. a/k/a Lyons Contracting LLC*, Civil Action No. 09-0842, 2009 U.S. Dist. LEXIS 107619, *1 (W.D. Pa. November 18, 2009) (internal citations omitted).

The statutory language of ERISA does not define the term "plan assets." *Roofers Local 30 Combined Welfare Fund,* 2009 U.S. Dist. LEXIS 107619 at * 9. However, Plaintiff is correct and it is well-settled law that courts must look to the language of the contract or trust agreement to determine whether unpaid contributions are "plan assets" under the statute. *See Id.* at * 9-10; *see also Galgay v. Gangloff*, 677 F. Supp. 295, 301 (M.D. Pa. 1987), *aff'd*, 932 F.2d 959 (3d Cir. 1991).

The Funds' Labor Agreement states, in relevant part, as follows:

> All of the terms and provisions of the Agreements and Declarations of Trust creating the above said Funds are hereby accepted by the parties hereto, and copies of said **Agreements and Declarations of Trust are incorporated by reference in this Contract and made part hereof.**

Doc. No. 17-1 at p. 10. (emphasis added). Defendant would have this Court disregard this clear language of incorporation. In turn, the Trust Agreements and Declarations of Trust state:

> No contributing employer shall have the right, title or interest to any sum payable by such Employer to the Fund, but not yet paid into the Fund. Title to all monies paid into and/or **due and owing** such Fund **shall be vested** in the Trustees of such Fund.

Doc. No. 20-2 at 2 (emphasis added).

The Court finds and rules that the Labor Agreement, through incorporation of the Trust Agreement, specifies that employer contributions become "vested" and become "plan assets" immediately when due. That is, "[w]hether particular contributions and payments qualify as plan assets must be determined by the parties' intent as expressed in the operative agreement. **'Due and owing' language can indicate the immediate vesting of funds, making them assets of the plan."** *Roofers Local 30 Combined Welfare Fund,* 2009 U.S. Dist. LEXIS 107619 at * 11 (citing *SEIU, Dist. 1199P v. Monsour Med. Ctr., Inc*, 555 F. Supp. 2d 566, 569 (W.D. Pa. 2008); *Galgay*, 677 F. Supp. at 301) (emphasis added). Pursuant to the plain language of the Labor

5

Agreement and Trust Agreement, Plaintiff has adequately pled that the unpaid funds constitute "plan assets" over which Klingman is a "fiduciary" and therefore, Plaintiff may continue its attempt to recover the unpaid contributions under an ERISA breach of fiduciary duty claim.

**Conclusion**

In accordance with the foregoing, the RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 17) filed by Defendant Richard A. Klingman is DENIED in its entirety.

SO ORDERED this 25th day of August, 2010.

BY THE COURT:

/s/ Terrence F. McVerry
United States District Court Judge

cc: Jeffrey J. Leech, Esquire
Email: jleach@tuckerlaw.com
Neil J. Gregorio, Esquire
Email: ngregorio@tuckerlaw.com

Timothy G. Wojton, Esquire
Email: wojtonlaw@comcast.net